Filed 11/21/14  P. v. Pastel CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ANTHONY PASTEL,<br><br>　　　Defendant and Appellant. | E060656<br><br>(Super.Ct.Nos. INF067218 &<br>　INF067449)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Jorge C. Hernandez, Judge.  Affirmed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

After defendant and appellant Robert Anthony Pastel was convicted by a jury in case No. INF067449, but before he was sentenced, he entered a guilty plea in case No. INF067218. He contends that in the latter case, he entered into a plea bargain which provided that he would receive an aggregate sentence of no more than eight years for the two cases. This appeal arises following resentencing in both cases.[1]

Several years after defendant was sentenced, the California Department of Corrections and Rehabilitation (CDCR) notified the court that the sentences in both cases were unauthorized because the gang enhancement in each case should have been five years, not the three and four years, respectively, that the court imposed. Upon resentencing, the court imposed a term of nine years in case No. INF067449 and a concurrent term of eight years eight months in case No. INF067218. Defendant contends that the modified sentence violated the terms of his plea bargain, and he is entitled to specific performance of the plea bargain. The Attorney General contends that there was no plea bargain, and the court properly modified the unauthorized sentences. However, she points out that the California Supreme Court's decision in *People v. Mesa* (2012) 54 Cal.4th 191 requires staying the sentence on count 2 in case No. INF067218, thus reducing defendant's sentence in that case to eight years. As we will explain, we agree with the Attorney General that the sentence on count 2 in case No. INF067218 must be

---

[1] Defendant appealed from the conviction in case No. INF067449. (*People v. Pastel* (Apr. 11, 2012, E052309 [nonpub. opn.] (*Pastel I*).) On May 8, 2014, this court took judicial notice of the record in *Pastel I*.

2

stayed. However, contrary to her assertion, this will not have the effect of reducing the aggregate sentence to the eight years defendant contends is required by the purported plea bargain.[2]

## STATEMENT OF THE CASE

On June 8, 2010, a jury found defendant guilty in case No. INF067449 of assault with a deadly weapon (count 2; Pen. Code, § 245, subd. (a)(1)), active participation in a criminal street gang (count 3; Pen. Code, § 186.22, subd. (a)), and misdemeanor battery (count 4; Pen. Code, § 242). The jury also found it true that counts 2 and 4 were committed to benefit a criminal street gang (Pen. Code, § 186.22, subds. (b), (d)). Defendant admitted that he was a minor, 16 years of age or older, at the time of the offenses. (Welf. & Inst. Code, § 707, subd. (b).)[3] (*Pastel I*, *supra*.)

On June 29, 2010, defendant pleaded guilty in case No. INF067218 to assault with a firearm (§ 245, subd. (a)(2)) and active participation in a criminal street gang (§ 186.22, subd. (a)). Defendant admitted he committed the assault to benefit a criminal street gang. (§ 186.22, subd. (b).) Sentencing was set for both cases.

---

[2] As noted above, the purported plea bargain called for an aggregate sentence of no more than eight years for the two cases, not just the one case in which defendant pleaded guilty. (See further discussion below.) Modifying the sentence in case No. INF067218, as suggested by the Attorney General, will not reduce the aggregate sentence to eight years, in that the sentence in that case is concurrent with the nine-year sentence in case No. INF067449. However, although the amended notice of appeal states that it is taken from the judgments in both cases, defendant does not assert any error with respect to the modified sentence in case No. INF067449, and he affirmatively requests that we adopt the Attorney General's analysis if we do not find the error he asserts.

[3] All further statutory citations refer to the Penal Code unless another code is specified.

3

On November 16, 2010, in case No. INF067449, the trial court sentenced defendant to eight years in state prison, consisting of the upper term of four years on count 2 with a consecutive term of four years for the gang enhancement on that count, and a concurrent three-year term on count 3, active participation in a criminal street gang. The court also stayed the misdemeanor sentence on count 4 pursuant to section 654. The court then sentenced defendant in case No. INF067218 to a term of six years eight months in state prison, to run concurrent with the sentence in case No. INF067449. As to count 1, the court imposed the middle term of three years, with a consecutive three-year term for the gang enhancement. On count 2, participation in a criminal street gang, the court sentenced defendant to one third the middle term, or eight months, to run consecutive to count 1.

Defendant appealed his conviction in case No. INF067449. (*Pastel I*, *supra*.) We affirmed the judgment, but directed the trial court to stay the sentence on count 3, for active gang participation. (§ 186.22, subd. (a).) We held that because there was no evidence that defendant engaged in felonious conduct as required for purposes of section 186.22, subdivision (a), other than the assault, section 654 precluded an unstayed sentence on that count. We also directed the trial court to state the sentence imposed on count 4 and the enhancement associated with that count on the corrected abstract of judgment. (*Ibid.*) The trial court later modified the felony sentence as directed.

On September 4, 2013, CDCR issued a letter to the trial court stating that the sentence imposed in each case was unauthorized. The letter stated that because section 245, subdivision (a)(2), qualifies as a serious felony under section 1192.7,

4

subdivision (c)(8), defendant should have been ordered to serve an additional term of five years for the gang enhancement in case No. INF067218, pursuant to section186.22, subdivision (b)(1)(B).  The letter further stated that because a violation of section 245, subdivision (a)(1), qualifies as a serious felony under section 1192.7, subdivision (c)(31), defendant should have been ordered to serve an additional term of five years for the gang enhancement in case No. INF067449.

On January 6, 2014, the court resentenced defendant in both cases.  In case No. INF067449, the court imposed a consecutive five-year term for the gang enhancement on count 2, resulting in a sentence of nine years.  In case No. INF067218, the court imposed a consecutive five-year term for the gang enhancement, resulting in a sentence of eight years eight months.  The court again made the sentence in case No. INF067218 concurrent with the sentence in case No. INF067449.

On February 14, 2014, defendant filed a notice of appeal.  On March 3, 2014, he filed an amended notice of appeal.

FACTS

The facts underlying the offenses are not material to the issue raised in this appeal.

Briefly stated, in case No. INF067449, defendant approached a man he believed to be a member of a certain gang and stated, "You're Willie from ST." The man responded, "No, that's not me." Defendant yelled, "South Side TCB," then punched the victim in his face. Defendant was holding a screwdriver in his hand. He demanded the victim's cell phone, which the victim refused to surrender, and then fled. TCB is a criminal street gang, also called The Crime Boys.

In case No. INF067218, defendant drove past the home of a different victim a number of times. At one point, he threw a rock at the victim's truck. On another pass, defendant got out of his truck and challenged the victim to a fight. When the victim refused, defendant sprayed pepper spray in the victim's face and left. He returned a short time later, got out of his truck holding a handgun and chased the victim, firing two shots at him but not striking him.

## LEGAL ANALYSIS

*There Was No Plea Bargain.*

Appellant contends that in case No. INF067218, he entered into a plea bargain specifying that in return for his guilty plea on both counts and his admission of the gang enhancement, he would be sentenced to a total aggregate sentence of no more than eight years for both cases. He contends that correcting the unauthorized sentences violates the terms of his plea bargain, and he is entitled to specific performance.

6

A plea bargain "'contemplates an agreement negotiated by the People and the defendant and approved by the court.' [Citations.]" (*People v. Clancey* (2013) 56 Cal.4th 562, 569-570.) Here, there is nothing in the record that shows that defendant and the district attorney arrived at a negotiated agreement. The plea agreement form recited that defendant would plead guilty to counts 1 and 2 and admit the gang enhancement in return for a total unstayed aggregate term of no more than eight years in state prison for the two cases. However, the form was not signed by the district attorney. Moreover, it stated defendant would enter a "plea to the court." This indicates that the parties' negotiation for a plea agreement was unsuccessful. It appears that the prosecutor was holding out for the sentence to run consecutive to the sentence imposed in case No. INF067449. During the hearing at which defendant entered his guilty plea in case No. INF067218, the court explained to defendant that after learning the facts of the case, the court had concluded that "eight years would probably be a sufficient amount of punishment . . . so that if you pled guilty to this, I would agree to run this concurrent." Based on the court's indicated sentence for concurrent time, defendant agreed to enter a plea of guilty. The prosecutor disavowed any purported agreement for concurrent time, stating, "I just would like it to be recognized that this is a plea to the court . . . based upon the fact that this is for concurrent time. The People, of course, would be asking for consecutive time." Accordingly, there is no basis in the record to support defendant's contention on appeal that he entered into a plea bargain.

Because there was no plea bargain, there is also no basis for defendant's contention that the subsequent correction of the sentence violated any of his rights under

7

a plea bargain or that he was entitled to be resentenced in a manner consistent with the term he claims he bargained for. An unauthorized sentence—one which may not lawfully be imposed under any circumstances in the particular case—may generally be corrected at any time, even on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

*The Sentence on Count 2 in Case No. INF067218 Must Be Stayed.*

On resentencing, the trial court imposed a three-year term on count 1, assault with a firearm, and imposed a consecutive five-year term for the gang enhancement alleged as to that count. The court also imposed a consecutive term of eight months (one third the middle term) on count 2, for violation of section 186.22, subdivision (a), participation in a criminal street gang. The parties concur that the eight-month term on count 2 must be stayed. We agree.

Section 654 provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 186.22, subdivision (a), which penalizes active participation in a criminal street gang, requires an act beyond mere membership in a gang. Where the sole act supported by the evidence which can constitute active participation in a gang also constitutes a charged offense, the defendant may be convicted of both but may be punished only under the statute which provides for the greatest punishment. The other sentence must be stayed. (*People v. Mesa*, *supra*, 54 Cal.4th at pp. 195-198, 201.) Accordingly, because both counts in case No. INF067218

8

are based on the same act of assault, section 654 precludes multiple punishment. The sentence on count 2 must be stayed.

## DISPOSITION

In case No. INF067218, the sentence imposed on count 2 is stayed. The superior court is directed to issue corrected sentencing minutes and a corrected abstract of judgment staying the sentence imposed on count 2. The court is directed to forward the corrected minutes and abstract of judgment to the Department of Corrections and Rehabilitation within 30 days after the finality of this opinion. The judgments in case No. INF067218 and case No. INF067449 are otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


RICHLI
J.

9